# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles Norgle | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 8172 | **DATE** | 6/4/2003 |
| **CASE TITLE** | SNELL vs. PUCINSKI | | |

**MOTION:**

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Defendant's Motion to Dismiss Plaintiff's Complaint

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Before the court is Defendant's Motion to Dismiss Plaintiff's Complaint [4-1] pursuant to Rule 12(b)(1) of the Federal rules of Civil Procedure. For the reasons stated on the attached order, Defendant's motion [4-1] is granted.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | JUN 0 6 2003 | |
| | Notified counsel by telephone. | | date docketed | 11 |
| ✔ | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| | courtroom deputy's initials | date received in central Clerk's Office | date mailed notice | mailing deputy initials |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DISTRICT

JOSEPH SNELL,                                )
                                             )
          Plaintiff,                         )
                                             )
     v.                                      )     No. 02 C 8172
                                             )
AURELIA PUCINSKI, in her official            )     Honorable Charles R. Norgle, Sr.
capacity as Director of the Illinois,        )
Department of Professional Regulation,       )
                                             )
          Defendants.                        )

## OPINION AND ORDER

CHARLES R. NORGLE, District Judge.

Before the court is Defendant's Motion to Dismiss Plaintiff's Complaint brought pursuant

to Rule 12(b)(1) of the Federal Rules of Civil Procedure. For the following reasons, Defendant's

motion is granted.

## I. BACKGROUND

Plaintiff, Joseph Snell, is a licensed chiropractor who practices in Savoy, Illinois. Snell is

currently a respondent in a pending Illinois Department of Professional Regulation ("DPR")

administrative disciplinary proceeding. See Dep't of Prof'l Regulation v. Snell, 199909505-1. In

that proceeding, the DPR seeks to discipline Snell for purchasing automobile reports and then using

them to solicit injured persons in need of his chiropractic services.

Snell brings this action against Defendant, Aurelia Pucinski in her official capacity as

Director of the DPR ("Director"), pursuant to 42 U.S.C. § 1983 challenging the constitutionality of

§ 22(A)(24) of the Illinois Medical Practice Act, 225 ILCS 60/22(A)(24), which regulates medical

doctors and chiropractors. Section 22(A)(24) prohibits medical professionals from participating in conduct which constitutes solicitation of professional patronage. 225 ILCS 60/22(A)(24). Essentially, Snell's Complaint alleges that § 22(A)(24) violates the free speech and equal protection clauses of both the United States and the Illinois Constitutions. Additionally, Snell's Complaint seeks declaratory and injunctive relief against the Director to prevent enforcement of § 22(A)(24).

The Director has now filed this Motion to Dismiss pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure requesting that the court refrain from exercising its jurisdiction in this case. The Director bases her motion on the abstention doctrine as set forth in Younger v. Harris, 401 U.S. 37 (1971). The court will now address the Director's motion.

## II. DISCUSSION

### A. The Younger Abstention Doctrine

Under the Younger abstention doctrine, federal courts are required to refrain from enjoining ongoing state judicial and administrative proceedings when important state interests are involved. Barichello v. McDonald, 98 F.3d 948, 954 (7th Cir. 1996). Specifically, Younger and its progeny require a federal district court "to abstain from enjoining ongoing state proceedings that are (1) [sic] judicial in nature, (2) implicate important state interests, and (3) offer an adequate opportunity for review of constitutional claims, (4) so long as no extraordinary circumstances--like bias or harassment--exist which auger against abstention." Majors v. Englebrecht, 149 F.3d 709, 711 (7th Cir. 1998) (citing Middlesex County Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 429 (1982); see Trust & Investment Advisers v. Hogsett, 43 F.3d 290, 294 (7th Cir. 1994); see also Butler v. City of Chicago, No. 02 C 7553, 2003 WL 21148480, at *1 (N.D. Ill. May 19, 2003). Several additional extraordinary circumstances justifying a federal court's intervention in a state

2

court proceeding are: (1) if the state prosecution is conducted in bad faith, (2) if there is an extraordinarily pressing need for immediate equitable relief, or (3) if the challenged statute provision is "flagrantly and patently'" unconstitutional. Jacobson v. Village of Northbrook Mun. Corp., 824 F.2d 567, 569-70 (7th Cir. 1987) (citations and quotation marks omitted).

The Younger abstention doctrine applies to both criminal and civil actions. See Ramsden v. Agribank, FCB, 214 F.3d 865, 871 (7th Cir. 2000) (explaining that the courts have extended Younger to include state civil proceedings as well as state criminal proceedings). The Younger abstention doctrine assumes that a plaintiff's federal constitutional claims can be fairly vindicated in the state court proceedings without federal intrusion. See Midwestern Gas Transmission Co. v. McCarty, 270 F.3d 536, 537 (7th Cir. 2001). The underlying rationale behind both the rule and its exceptions derives from the principles of equity, comity, and federalism. See Younger, 401 U.S. at 53; see also Ramsden, 214 F.3d at 871. These principles are "evident in the earliest Younger abstention cases, which all concerned attempts to enjoin criminal prosecutions under allegedly unconstitutional statutes." Barichello, 98 F.3d at 954.

## B. The Application of the Younger Doctrine to this Case

The Director takes the position that under Younger, the court should abstain from hearing this case because the DPR administrative proceeding against Snell is currently pending. The Director asserts that all of the Younger requirements are satisfied in this case. Specifically, the Director asserts that the DPR proceeding is: (1) judicial in nature, (2) implicates important state interests, and (3) offers an adequate opportunity for review of constitutional claims.

In his response to Defendant's Motion to Dismiss, Snell does not dispute the Director's assertion that the general Younger requirements are satisfied in this case. Instead, Snell argues that

3

an exception to the <u>Younger</u> doctrine applies. Specifically, Snell asserts that because § 22(A)(2) imposes a <u>per se</u> prohibition against solicitation of patients by doctors licensed under the Medical Practice Act, it is "flagrantly and patently" unconstitutional, and as such abstention under <u>Younger</u> is inappropriate. Pl.'s Mem. of Law in Opp'n to Def.'s Mot. to Dismiss, at 2. Snell argues that such a clearly unconstitutional infringement of his First Amendment rights, and the continuing infringement of those rights which are unaddressed by the singular act of solicitation at issue in the pending matter before the DPR, constitute "extraordinary circumstances" justifying the court to refrain from abstaining under <u>Younger</u>. <u>Id.</u> at 3.

When a party claims that extraordinary circumstances exist preventing abstention under <u>Younger</u>, that party must demonstrate the existence of those extraordinary circumstances. <u>Green v. Benden</u>, 281 F.3d 661, 667 (7th Cir. 2002) (citing <u>Ramsden v. AgriBank, FCB</u>, 214 F.3d 865, 871 (7th Cir. 2000). In this case, Snell does not demonstrate any extraordinary circumstances which would justify the court from refraining in its application of the <u>Younger</u> doctrine.

Snell's assertion that § 22(A)(24)'s <u>per se</u> prohibition on solicitation is an unconstitutional infringement of his First Amendment rights and that the continuing infringement of those rights, which are unaddressed by the singular act of solicitation at issue in the pending matter before the DPR, is not enough to show that extraordinary circumstances exist. <u>See Arkebauer v. Kiley</u>, 985 F.2d 1351, 1358 (7th Cir. 1993) (noting that the extraordinary circumstances exception to <u>Younger</u> provides a "very narrow gate for federal intervention."); <u>see also Pincham v. Ill. Judicial Inquiry Bd.</u>, 872 F.2d 1341, 1350 (7th Cir. 1989) (holding that a single state judicial disciplinary proceeding having a 'chilling effect' on an Appellate Court judge's free speech rights is not enough to establish extraordinary circumstances under the <u>Younger</u> doctrine). Furthermore, the possible

4

unconstitutionality of § 22(A)(24) does not in itself justify an injunction against good-faith efforts to enforce it. Pincham, 872 F.2d at 1350. In his response, Snell cites numerous cases, including United States Supreme Court cases, holding that certain statutes banning the solicitation of professional patronage are unconstitutional violations of commercially protected speech. Pl.'s Mem. of Law in Opp'n to Def.'s Mot. to Dismiss, at 3-10. Although these cases indicate a current trend toward the abolition of statutes prohibiting the solicitation of professional patronage, they do not support Snell's position that § 22(A)(24) is flagrantly and patently unconstitutional. See Pincham, 872 F.2d at 1350.

By referring to these cases in his brief, Snell vigorously argues the merits of his case. But he fails to provide the court with a reason as to why he is unable to obtain relief in the Illinois State courts. Snell argues that the opinion of the Illinois Supreme Court in Desnick v. Dep't of Prof'l Regulation, 171 Ill.2d 510 (Ill. 1996) (upholding the constitutionality of § 22(A)(24) of the Medical Practices Act) somehow makes his appeal through the Illinois State courts unavailing. Snell's reference to Desnick does not persuade the court that there is no adequate opportunity for State review in this case. Snell will have a fair opportunity to distinguish, limit, or overrule Desnick in light of the recent case law on this issue. This opportunity is enough to justify the application of the Younger abstention doctrine in this case. See Barichello, 98 F.3d 948, 954 (stating that abstention is proper if the state court procedures will afford an adequate remedy in the absence of "unambiguous authority to the contrary.") (citations omitted). Because the Illinois courts can grant Snell all of the relief he requests, dismissal, rather than a stay, is proper in this case. See Green, 281 F.3d 667.

5

## III. CONCLUSION

For the foregoing reasons, the Defendant's Motion to Dismiss Plaintiff's Complaint pursuant

to Rule 12(b)(1) of the Federal Rules of Civil Procedure is granted.

IT IS SO ORDERED.

ENTER:

CHARLES RONALD NORGLE, SR., Judge
United States District Court

DATED: 6/4/03

6